IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ABIODUN SOFOLUWE SOWEMIMO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 06 C 7130 |
| | ) |
| FREDERICK F. COHN, LTD, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Abiodun Sofoluwe Sowemimo's ("Sowemimo") complaint against Defendants "Attorney Frederick F. Cohn LTD. [("Cohn")] and John Doe's [sic]," (Compl. 1), and motion to proceed *in forma pauperis*. For the reasons stated below, we dismiss the instant action and deny Sowemimo's motion to proceed *in forma pauperis*.

## BACKGROUND

Sowemimo alleges that he is a prisoner, currently housed at Hill Correctional Center in Galesburg, Illinois, and that Cohn is an attorney licensed to practice in the state of Illinois who maintains an office in Chicago, Illinois. Sowemimo contends

1

that in September 1999, he retained Cohn for the amount of $5,000 and that Cohn's duties as Sowemimo's counsel were "to file appeals in the state court and [to file] a federal *habeas corpus* petition [("Petition")][,] if necessary." (Compl. 2-3). Sowemimo claims he and members of his family contacted Cohn numerous times over the course of several months to learn when Cohn would file the Petition. Sowemimo contends that in response to his inquiries, Cohn provided numerous excuses and explanations as to why the Petition had yet to be filed and as to when Cohn would file the Petition. Sowemimo further contends that even after directing Cohn to file the Petition and warning Cohn that the Petition would be time-barred if Cohn did not file the Petition expeditiously, Cohn continued to simply state that he would "do it as soon as [he] [could]." (Ex. 9); *see* (Ex. 5-8). Sowemimo further alleges that Cohn "purposeful[ly]" failed to timely file Sowemimo's Petition and, as a result, the Petition was dismissed by the Northern District of Illinois as untimely. (Compl. 4). Sowemimo also contends that, even after Cohn filed the Petition in an untimely manner, Cohn continued to request and receive payments from Sowemimo and his family, totaling an additional $3,000. Sowemimo claims that "[a]s a result of the attorney-client agreement reached [between] [Sowemimo] and [Cohn], [Cohn] violated" the agreement "by failing in his duty to represent [Sowemimo] in [Sowemimo's] appeals with reasonable care, skill, and diligence possesed [sic] and exercised by the ordinary attorneys in similar circumstances." (Mot. 3-4); (Ex. 16)(Letter by Cohn to Ill. Attorney Registration & Disciplinary Commission). Sowemimo also claims that Cohn "breached the agreement with [Sowemimo] by

2

totally failed [sic] to fulfill his duty and responsibility of causing a federal *habeas corpus* petition to be filed timely." *Id*.

## LEGAL STANDARD

Section 1915A of Title 28, United States Code, ("Section 1915A") requires a district court to:

> review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity . . . [and] dismiss the complaint [to the extent that it] is frivolous, malicious, or fails to state a claim upon which relief may be granted. . . .

28 U.S.C. § 1915A. The standard for dismissal under Section 1915A is the same as the standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000)(holding that a claim was properly dismissed when "there was no set of facts that could be proven, consistent with [plaintiff's] allegations, that would support relief").

## DISCUSSION

I. Allegations in Complaint

Sowemimo has brought the current action pursuant to "28 U.S.C. § 1335(A)1.2." (Compl. 1). Section 1335 of Title 28, United States Code, the interpleader statute, states:

> (a) The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more, or having issued a note, bond, certificate, policy of insurance, or other instrument of value or amount of $500 or more, or providing for the delivery or payment or the loan of money or property of such amount or value, or being under any obligation written or unwritten to the amount of $500 or more, if
>
>> (1) Two or more adverse claimants, of diverse citizenship as defined in section 1332 of this title, are claiming or may claim to be entitled to such money or property, or to any one or more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument, or arising by virtue of any such obligation; and if
>>
>> (2) the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the court, or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy.
>
> (b) Such an action may be entertained although the titles or claims of the conflicting claimants do not have a common origin, or are not identical, but are adverse to and independent of one another.

As the Seventh Circuit has explained, "[t]he interpleader statute was enacted for the protection of one who makes no claim to money in his possession and who wishes to be relieved of liability, where diverse parties are making adverse claims to the fund." *Ry. Express Agency, Inc. v. Jones*, 106 F.2d 341, 344 (7th Cir. 1939); *see also State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 533 (U.S. 1967)(stating that "[t]he difficulties such a race to judgment pose for the insurer, and the unfairness which

may result to some claimants, were among the principal evils the interpleader device was intended to remedy"). Thus, the statute cited by Sowemimo as the foundation for his claims is inapplicable to the instant action.

The pleadings of a *pro se* plaintiff are held to "less stringent standards than formal pleadings drafted by lawyers." *Alvarado v. Litscher*, 276 F.3d 648, 651 (7th Cir. 2001)(citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Therefore, we liberally construe Sowemimo's complaint to include claims alleging a violation of Section 1983 of Title 42, United States Code ("Section 1983"), against Defendants, claims alleging breach of contract against Defendants, and claims alleging legal malpractice against Defendants.

II. Section 1983 Claim

To state a Section 1983 claim, Sowemimo must allege that: (1) "some person has deprived him of a federal right," and (2) "the person who has deprived him of the right acted under color of state . . . law." *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001)(quoting *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)). If a Section 1983 claim is brought against a private citizen, the court must determine if the private citizen acted under color of state law by considering: (1) "whether the claimed constitutional deprivation resulted from the exercise of a right or privilege having its source in state authority," and (2) "whether the private party charged with the deprivation could be described in all fairness as a state actor." *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 620 (1991); *see Profit v. Ridgway*, 279 F.3d

503, 507-8 (7th Cir. 2002)(explaining two circumstances where a private citizen may be considered a state actor, including when a private citizen conspires with a public employee to deprive another of a constitutional right, or when a private citizen becomes a public officer *pro tem*).

Sowemimo's complaint does not allege that any of the Defendants acted under color of state law when Cohn allegedly failed to timely file Sowemimo's petition for *habeas corpus*, nor does the complaint allege that any of the Defendants acted under color of state law when Cohn allegedly breached his duties as Sowemimo's counsel. The complaint also does not allege that the Defendants acted under color of state law when Cohn allegedly breached the contract between himself and Sowemimo "by failing in his duty to represent [Sowemimo] in [Sowemimo's] appeals with reasonable care, skill, and diligence possesed [sic] and exercised by the ordinary attorneys in similar circumstances." (Mot. 3-4). Additionally, Defendants did not exercise a right or privilege having its source in state authority to deprive Sowemimo of a constitutional right. Defendants also cannot be described as state actors. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981)(holding that defense attorneys, whether appointed by the court or privately retained, are not state actors and therefore cannot be sued for damages under the Civil Rights Act); *see also Cornes v. Munoz*, 724 F.2d 61, 63 (7th Cir. 1983)(finding that appellate defender, finding that she did not act under color of state law). There are no facts in the complaint that suggest that any Defendant was conspiring with a public employee or became public officers *pro tem*. Rather, Sowemimo's allegations include facts that

negate the possibility of showing that Defendants were acting under color of state law. Sowemimo's complaint alleges that Cohn filed appeals as to Sowemimo's criminal conviction in state court, as well as the Petition on behalf of Sowemimo, each of which challenged the state's prosecution of Sowemimo. Clearly, none of the Defendants were conspiring with the state. Accordingly, the complaint fails to state a claim upon which relief can be granted as to the Section 1983 claim and must be dismissed.

III. Remaining Claims

In regard to the remaining state breach of contract and legal malpractice claims, the Seventh Circuit has stated that where a court dismisses a federal claim and the sole basis for invoking federal jurisdiction has become nonexistent, that court should not exercise supplemental jurisdiction over remaining state law claims. *See Williams v. Aztar Ind. Gaming Corp.*, 351 F.3d 294, 300 (7th Cir. 2003)(stating that if there is a dismissal of the original jurisdiction claim and only a supplemental jurisdiction claim remains, "the sole basis for invoking federal jurisdiction is nonexistent and the federal courts should not exercise supplemental jurisdiction over his remaining state law claims"); *Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994)(stating that "the general rule is that, when all federal-law claims are dismissed before trial," the pendent claims should be left to the state courts). In addition, under Subsection (c)(3) of Section 1367 of Title 28, United States Code, a federal district court may dismiss a plaintiff's supplemental state law claims if it "has

dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The decision to dismiss supplemental claims is discretionary. *Larsen v. City of Beloit*, 130 F.3d 1278, 1286 (7th Cir. 1997). In exercising that discretion, the court should consider a number of factors, including "the nature of the state law claims at issue, their ease of resolution, and the actual, and avoidable, expenditure of judicial resources. . . ." *Timm v. Mead Corp.*, 32 F.3d 273, 276 (7th Cir. 1994).

In the instant action, we have found that Sowemimo has failed to state a claim upon which relief may be granted as to Section 1983 and we must thus decide whether to retain jurisdiction to hear Sowemimo's underlying state law breach of contract and legal malpractice claims. *See Groce v. Eli Lilly & Co.*, 193 F.3d 496, 500-01 (7th Cir. 1999)(stating it is within the discretion of the district court to retain or refuse supplemental jurisdiction over remaining state law claims when the federal law claim fails). According to the complaint, both Sowemimo and the Defendants are domiciled in Illinois and the amount in controversy does not exceed $75,000, thereby destroying federal diversity subject matter jurisdiction. *See* 28 U.S.C. 1332(a)(1) (stating that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States"). In addition, we have considered the relevant factors indicated above and have determined as a matter of discretion to decline to exercise supplemental jurisdiction over the state law breach of contract and legal malpractice claims. Based upon the foregoing analysis, we dismiss the instant action.

## CONCLUSION

Based on the foregoing analysis, we dismiss the instant action and deny Sowemimo's motion to proceed *in forma pauperis*.

								_____
								Samuel Der-Yeghiayan
								United States District Court Judge

Dated: March 21, 2007